UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: EMERSON ELECTRIC CO.
WET/DRY VAC MARKETING AND
SALE PRACTICES LITIGATION                                                MDL No. 2382


TRANSFER ORDER


**Before the Panel**:[*] Pursuant to 28 U.S.C. § 1407, defendants Emerson Electric Company (Emerson), and Sears Holding Corporation and Sears, Roebuck & Company (Sears) move to centralize this litigation in the Eastern District of Missouri. The motion encompasses five putative nationwide class actions against Emerson, Sears, and/or The Home Depot, Inc. – four actions in the Eastern District of Missouri and one action in the Southern District of Illinois, as listed on Schedule A. At the hearing session, the Panel was notified of one potentially related action in the Northern District of California.[1]

Plaintiffs in the four Eastern District of Missouri actions support centralization. Plaintiff in the Southern District of Illinois *Swires* action, however, opposes centralization. If the Panel orders centralization over his objection, he urges selection of the Southern District of Illinois as the transferee district.

On the basis of the papers filed and hearing session held, we find that these five actions involve common questions of fact, and that centralization under Section 1407 in the Eastern District of Missouri will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The five actions involve common factual allegations arising from representations by defendants concerning the "peak horsepower" ratings on various models of wet/dry vacuums manufactured by Emerson. Plaintiffs in these actions allege that defendants misrepresented or misled consumers as to the "peak horsepower" ratings of the wet/dry vacuums, that the vacuums produce materially less "peak horsepower" than has been represented by defendants, and that the term "peak horsepower" is itself misleading in light of the actual operation of the vacuums under normal usage conditions.

Centralization will avoid duplicative discovery, eliminate the risk of inconsistent pretrial rulings on class certification and other pretrial matters, and conserve the resources of the parties, their counsel, and the judiciary. Centralization also will facilitate efficient resolution of complex scientific

---

[*] Judges John G. Heyburn II and Charles R. Breyer took no part in the decision of this matter.

[1] This and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1 and 7.2.

-2-

and technical questions and will streamline discovery with respect to plaintiffs' independent laboratory testing.

The Eastern District of Missouri is an appropriate transferee district for this litigation. Four of the five actions are pending there, and Emerson's headquarters are located in this district. The primary witnesses, physical evidence, and documentary evidence likely will be located there. Judge Henry Edward Autrey is an experienced transferee judge who we are confident will steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the Southern District of Illinois action listed on Schedule A is transferred to the Eastern District of Missouri and, with the consent of that court, assigned to the Honorable Henry Edward Autrey for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

Kathryn H. Vratil
Acting Chairman

W. Royal Furgeson, Jr.      Barbara S. Jones
Paul J. Barbadoro           Marjorie O. Rendell

**IN RE: EMERSON ELECTRIC CO.
WET/DRY VAC MARKETING AND
SALE PRACTICES LITIGATION**  MDL No. 2382

## SCHEDULE A

Eastern District of Missouri

Jeff Hale v. Emerson Electric Co., C.A. No. 4:12-00574
Raymond Gray, et al. v. Emerson Electric Co., C.A. No. 4:12-00586
Andrew Bowers v. Emerson Electric Co., C.A. No. 4:12-00687
Emilio Gonzales, et al. v. Emerson Electric Co., C.A. No. 4:12-00951

Southern District of Illinois

Justin Swires v. Sears Holdings Corp., C.A. No. 3:12-00658